# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-CV-00518-FDW-DSC

MARJORIE ACEVEDO,

    Plaintiff,

v.

TEUPEN NORTH AMERICA, INC.,

    Defendant.

**DECLARATION OF
MARTIN BORUTTA**

I, Martin Borutta, make this declaration pursuant to 28 U.S.C. § 1746 and state truthfully as follows:

1. I am over the age of 18. I am of sound mind, capable of making this declaration, and personally acquainted with the facts stated herein.

2. I am the chief executive officer of Teupen North America, Inc. ("Teupen").

3. Plaintiff Marjorie Acevedo ("Ms. Acevedo") is a former employee of Teupen. The last day she worked for the company was on or about December 30, 2019.

4. My understanding is that in June 2018, Ms. Acevedo transferred her personal phone number to Teupen's account with Verizon. At that time, and continuing through the end of Ms. Acevedo's employment with Teupen, Teupen had a Verizon account in which it paid for phone lines and equipment for some of its employees. The account number for Teupen's Verizon account was 522919844-00003.

5. When Ms. Acevedo transferred her number to Teupen's Verizon account, she obtained a new phone through Verizon. Teupen owned the phone that was provided to her by Verizon.

6. In December 2019, Ms. Acevedo, without authorization, removed both the phone that had been issued to her and the phone number associated with that phone (which had been changed in or about September 2018 from the number Ms. Acevedo originally transferred to Teupen's Verizon account) from Teupen's Verizon account.

7. From June 2018 through December 2019, Verizon invoiced Teupen for all costs and fees for the phone provided to Ms. Acevedo and the associated phone numbers. Exhibit 2 to Defendant's Memorandum in Opposition to Plaintiff's Motion for Sanctions contains copies of the invoices from Verizon related to the lines for Ms. Acevedo's use, as well as records of Teupen's payments for those invoices. These records, with the exception of the handwriting on several pages of the records, are true and correct copies of the invoices that Teupen received from Verizon and Teupen's records of payment of those invoices. The records contained in Exhibit 2 are kept and maintained in the ordinary course of Teupen's business, and I am a custodian of those records.

8. From June 2018 through December 2019, Teupen paid for the equipment charges for the phone issued to Ms. Acevedo, insurance coverage for that phone, and all other costs of the line, including line access charges, taxes, and fees.

9. To my knowledge, Ms. Acevedo never paid any amount for the phone until she removed the phone from Teupen's Verizon account in December 2019 and never paid any amount that was invoiced to Teupen related to her use of the phone while she was employed by Teupen. While Ms. Acevedo claims Teupen received a "trade-in" credit for giving her personal phone to Verizon, the invoices show that that credit was not applied to the cost of the phone Teupen provided to her but to the overall costs for the use of the phone line.

10. On January 13, 2020, I wrote a letter to Ms. Acevedo's attorney in response to a letter I had received from her. A true and correct copy of that letter is attached as **Exhibit A**.

11. I declare under penalty of perjury that the foregoing is true and correct.

FURTHER THE DECLARANT SAYETH NOT.

Executed on January 1st 2021.

_____
Martin Borutta

# EXHIBIT A



January 13, 2020

**_Via Email and Certified Mail – Return Receipt Requested_**
Ms. Michelle Gessner
GessnerLaw
602 East Morehead Street
G.G. Galloway House
Charlotte, NC 28202

**Re: Your Litigation Hold Letter – Ms. Marjorie Acevedo v. TEUPEN NORTH AMERICA, INC.**

Dear Ms. Gessner:

I reviewed your letter and the case of Ms. Acevedo. It looks like you have not been given adequate information about the case when you wrote the letter.

I am the single largest shareholder of the TEUPEN group, the group CEO and the sole director and CEO of TEUPEN NORTH AMERICA INC.
I decided to terminate Ms. Acevedo's contract based on the ongoing financial damages of thousands of dollars caused by Ms. Acevedo's mistakes in her role as the responsible accountant since she took over that role in July.
I personally drafted the termination letter and advised Mr. Andreas Liebl, the operations manager to execute it as I was not in the office that day.
Everything is in accordance to N.C. Labor laws and the FLSA - so I don't understand why you imply wrongful discharge, discrimination and retaliation.
Based on my discoveries we could have released Ms. Acevedo for cause - I did not choose that way - instead I terminated her contract in a friendly manner.

You should also be aware that Ms. Acevedo is an exempt employee and there are no unpaid of wages as we will pay her to the end of the termination date.

Based on that knowledge – in my opinion - you would engage in a frivolous litigation.

Ms. Acevedo has taken different company property in her possession without my permission. We will have to start legal action against Ms. Acevedo and report our property as stolen if she does not return the companies property until 01/15/2020 noon.

Find attached the Separation Agreement for Ms. Acevedo.

Best regards

Martin Borutta
**TEUPEN NORTH AMERICA, INC.**