# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-cv-518

| | |
|---|---|
| MARJORIE ACEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>TEUPEN NORTH AMERICA, INC.<br><br>Defendant. | **L. MICHELLE GESSNER'S SUPPLEMENTAL DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS** |

I, L. Michelle Gessner, declare the following is true and correct under the penalty of perjury:

1. I am counsel for Plaintiff Marjorie Acevedo in this matter. I make this declaration in further support of Ms. Acevedo's Motion for Rule 11 Sanctions and in response to Defendant's opposition attacking my credibility.

2. As stated in my initial declaration, outside of the produced email correspondence, I spoke with attorney Shalana Pirtle directly regarding Defendant's legal representation and mentioned that Ms. Acevedo had a laptop she needed to return to Defendant. (ECF No. 11-3, ¶3-4).

3. In opposition to Ms. Acevedo's motion, Defendant produced declarations concerning my aforementioned testimony, including by Ms. Pirtle and the IT Infrastructure & Security Manager at Ms. Pirtle's law firm (Parker Poe). (ECF Nos. 16-3, 16-4).

4. Defendant's opposition claims these declarations show the conversation between Ms. Pirtle and myself "did not occur." (ECF No. 16, p. 9).

5. I stand by my testimony that the conversation did occur.

6. The declarations cite two phone numbers I use; however, I also make and receive calls from multiple other phone numbers. (ECF Nos. 16-3, 16-4)

7. Ms. Pirtle says she has "no recollection" of speaking with me by phone "regarding the Acevedo case," however the conversation did occur (for context, I also spoke with Ms. Pirtle regarding how her family was doing as she had some personal challenges during the Kesser matter, in addition to inquiring about whether she knew who would be representing Teupen in this matter so we could send Acevedo's laptop and credit card).

8. Defendant's opposition states "Gessner should be required to provide proof of the purported call or admit to the Court there is no evidence to support her declaration." (ECF No. 16, p. 10).

9. My proof is my sworn testimony. My small firm does not have its own IT Infrastructure & Security Manager such as Parker Poe. If the Court deems it necessary for me to acquire and comb through old phone records, on multiple shared phone lines, for every phone number I have used, however, I would be happy to do so at Defendant's expense.

_L. Michelle Gessner_
L. Michelle Gessner



# Audit Trail

| | |
|---|---|
| TITLE | Acevedo - Declaration |
| FILE NAME | 2021-1-11 - Gessn... 11 Sanctions.pdf |
| DOCUMENT ID | 66c2fd6329cda3c55bd6393069256ebfe15de372 |
| AUDIT TRAIL DATE FORMAT | MM / DD / YYYY |
| STATUS | ● Completed |

## Document History

**SENT** 01 / 11 / 2021 21:14:42 UTC-5 — Sent for signature to L. Michelle Gessner (michelle@mgessnerlaw.com) from michelle@mgessnerlaw.com
IP: 173.92.142.10

**VIEWED** 01 / 11 / 2021 21:15:00 UTC-5 — Viewed by L. Michelle Gessner (michelle@mgessnerlaw.com)
IP: 173.92.142.10

**SIGNED** 01 / 11 / 2021 21:15:14 UTC-5 — Signed by L. Michelle Gessner (michelle@mgessnerlaw.com)
IP: 173.92.142.10

**COMPLETED** 01 / 11 / 2021 21:15:14 UTC-5 — The document has been completed.

Powered by HELLOSIGN