# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

MARJORIE ACEVEDO,

    Plaintiff,

  v.

TEUPEN NORTH AMERICA, INC.,

    Defendant.

Civil Action No. 3:20-CV-00518-FDW-DSC

## **Memorandum in Support of Motion to Compel**

Defendant, Teupen North America, Inc. ("Defendant" or "Teupen"), seeks an order compelling Plaintiff to fully respond to two sets of discovery requests propounded by Defendant. Plaintiff has refused to provide information relevant to Defendant's requests, in many instances lodging objections that the courts have found to be baseless. She has not produced a privilege log to accompany her numerous privilege-based objections or stated whether she has withheld any documents based on her objections to Defendant's requests for production of documents. And Plaintiff failed to respond at all to Defendant's good-faith attempt to meet and confer regarding these deficiencies. Because none of these actions were substantially justified, Defendant also seeks its reasonable expenses, including attorney's fees, incurred in making this motion.

## **Background**

This lawsuit arises out of the termination of Plaintiff's employment with Defendant in January 2020. Plaintiff asserts claims of discrimination and retaliation under Title VII, discrimination and retaliation under the Americans with Disabilities Act ("ADA"), wrongful discharge under state law, and failure to provide COBRA notice under ERISA. (*See* D.E. 23 at 10–15.)

Defendant asserts counterclaims under state law for employee theft, conversion, constructive fraud, breach of contract, and computer trespass. (*See* D.E. 8 at 4–9.)

On April 23, 2021, Teupen served its First Set of Interrogatories and First Requests for Production of Documents to Plaintiff. (*See* **Ex. A**.) Plaintiff sent responses and objections to these discovery requests to Defendant, along with a production consisting of twenty-six pages of documents. (*See* **Ex. B**.) In reviewing these objections and responses, Defendant discovered multiple deficiencies. Defendant's counsel sent a discovery deficiency letter to Plaintiff's counsel on July 12, 2021, attempting to meet and confer regarding these deficiencies. (*See* **Ex. C**.) The letter requested that Plaintiff provide responses to the outlined deficiencies by July 19, 2021. (*Id.* at 1.[1]) The letter also requested that Plaintiff produce a privilege log by that date, as two of her discovery responses stated that "[a] supplement to this Request [sic] is forthcoming that will be accompanied by a privilege log." (Ex. B at 30.)

To date, Plaintiff has failed to respond at all; she has not attempted to remedy any of the deficiencies outlined in Defendant's deficiency letter and has not produced a privilege log. In doing so, Plaintiff has also refused to state whether she has withheld any information or documents on the basis of her numerous boilerplate objections to Defendant's discovery requests. (*See* Ex. C at 2.) As such, Defendant is forced to seek Court intervention and respectfully requests that the Court grant its motion and compel Plaintiff to provide complete responses to Defendant's First Set of Interrogatories and First Requests for Production of Documents to Plaintiff.[2]

---

[1] Citations to page numbers of this motion's exhibits refer to the CM/ECF stamped pagination rather than internal pagination.

[2] On August 3, 2021—fourteen days after it became clear to Defendant that Plaintiff did not intend to respond to its meet-and-confer letter—counsel for Defendant contacted the chambers of the Magistrate Judge assigned to this case to request an "informal telephonic conference" pursuant to the Case Management Order. (*See* D.E. 27 at 4–5.) An August 5, 2021 email from chambers to counsel for both parties confirmed that the parties had permission to file discovery motions.

# Legal Standard

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). For interrogatories, each one "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If the responding party raises an objection to an interrogatory, the grounds for each objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). For requests for production of documents, the responding party must, as to each one, "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Additionally, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

"Motions to compel responses to interrogatories and requests for production are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which provides that if a party declines to answer an interrogatory or request for production, the serving party 'may move for an order compelling an answer, designation, production, or inspection.'" *Mainstreet Collection*, 270 F.R.D. at 241. For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The party resisting discovery bears the burden of showing why it should not be granted." *Mainstreet Collection*, 270

F.R.D. at 241. A district court's ruling on a motion to compel discovery is reviewed for abuse of discretion. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

**Argument**

## I. Deficiencies common to Plaintiff's responses to both sets of discovery requests

*Objections based on "right to privacy."* To begin, Plaintiff has objected to four requests[3] seeking information and documents related to her medical history on the basis of her "right to privacy." (Ex. B at 19, 20, 29, 31.) But Plaintiff "fails to identify with any specificity the privacy interests at stake or articulate how they outweigh the need for disclosure." *Baker v. Hatch*, No. CIV S-07-2204 FCD EF, 2010 WL 3212859, at *2 (E.D. Cal. Aug. 12, 2010). A party making privacy objections must "explain [the] objections in detail. Boilerplate language will be strongly disfavored." *Id.* Plaintiff has failed to explain any of her objections made to Defendant's discovery requests and instead used the same boilerplate language in all four responses: "Plaintiff objects to this [request] because requesting medical history is in violation of Plaintiff's protected right to privacy." Moreover, because Plaintiff has put the information sought by Defendant "at issue by initiating this action, she cannot now withdraw behind privacy concerns to avoid producing relevant material." *Quintana v. Claire's Boutiques, Inc.*, No. 5:13-CV-00368-PSG, 2014 WL 3371847, at *3 (N.D. Cal. July 9, 2014).

This is especially true where, as here, Plaintiff advances claims under the ADA. (*See* D.E. 23 at 11–12.) "In an action under the ADA, a plaintiff's medical history is relevant in its entirety":

> It is impossible to answer the most basic questions, such as whether the plaintiff was generally foreclosed from similar employment by reason of a major life activity impairment, or otherwise qualified given a reasonable accommodation, or what a reasonable accommodation would have been, without full and complete access to the plaintiff's medical records. And since a defendant is entitled to defend the ADA

---

[3] Interrogatories 17 and 18 and Requests for Production 2 and 7.

action by claiming that plaintiff's inability to work without accommodation is the result of something other than the claimed disability, discovery along such lines must also be permitted.

Elements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life. ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint. Plaintiff cannot make an issue of her mental state, build a case upon psychiatric evidence . . . , and then claim she is too embarrassed to answer defendant's questions relating to these topics. Defendant's discovery requests, including the questioning in deposition, are not merely highly relevant. They are *entirely* relevant, and may not be resisted if the case is to proceed.

*Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996). Like the plaintiff in *Butler*, Plaintiff bases her ADA claim on a psychiatric condition. (*See* D.E. 23 at 7 (describing Plaintiff's prescription for "anxiety medication" and referral to a psychiatrist).) Accordingly, Plaintiff's "right to privacy" objection is baseless, and she must produce discovery responsive to Defendant's requests. Defendant requests that these objections be stricken.

*Objections based on "equally available" information*. Plaintiff has objected to twenty-one of Defendant's discovery requests[4] on the basis that information or documents sought are allegedly "equally available" to Defendant. (Ex. B at 6, 12–13, 15, 29–41.) But "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000); *see City Consumer Servs. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) ("[It is] not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record."). Plaintiff therefore must produce any information withheld on the basis of this objection. Defendant requests that these objections be stricken.

*Objections based on "designation of fact witnesses" and exhibits*. Plaintiff has objected to

---

[4] Interrogatories 3, 8, 9, and 12 and Requests for Production 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 21, 22, and 24.

seven requests[5] on the basis that they "call[ ] for the designation of fact witnesses when discovery in this matter has just begun and is ongoing" and stated that "Plaintiff will designate fact witnesses and the exhibits upon which they will rely in due course." (Ex. B at 5, 8–9, 11, 19, 39.) But none of Defendant's interrogatories or requests for production asks Plaintiff to designate fact witnesses or trial exhibits; none are contention interrogatories where such an objection *may* be appropriate. *Cf. In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985) (discussing contention interrogatories). In any event, "the purpose of discovery is to allow a broad search for facts, including names of witnesses." *Swann v. City of Goldsboro*, 137 F.R.D. 230, 231 (E.D.N.C. 1990). Plaintiff therefore has no basis to object to Defendant's discovery requests because they seek such information. *See id.* (finding that the "plaintiff's refusal to specifically identify the names [of witnesses] defendants sought was not 'substantially justified'" under Rule 37(a)). Plaintiff's statement that she "will designate fact witnesses and the exhibits upon which they will rely in due course" is similarly baseless. A party may not alter the timing of discovery established by the Federal Rules and this Court by refusing to provide information until she unliterally deems it appropriate. Defendant requests that these objections be stricken.

*Failure to produce a privilege log*. Plaintiff has objected to nineteen discovery requests[6] on the basis of the "attorney-client privilege and/or the attorney work product doctrine" and stated in response to two requests for production that "[a] supplement to this Request [sic] is forthcoming that will be accompanied by a privilege log." (Ex. B at 30; *see id.* at 4–6, 8–13, 18, 27–30, 34, 37–39, 41.) To date, Plaintiff has not produced a privilege log. A privilege log must be produced "*[w]hen* a party withholds information otherwise discoverable by claiming" privilege, not at some

---

[5] Interrogatories 2, 4, 5, 7, and 16 and Requests for Production 20 and 21.
[6] Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, and 16 and Requests for Production 1, 3, 13, 17, 18, 19, 20, 21, 24.

indeterminate time afterward. Fed. R. Civ. P. 26(b)(5)(A) (emphasis added). "As is the case with an inadequate privilege log, an untimely log can result in a waiver of the privileges being claimed." *Kramer v. Am. Bank & Tr. Co., N.A.*, No. 11 C 8758, 2015 WL 13735745, at *2 (N.D. Ill. Aug. 17, 2015) (report and recommendation), *adopted*, 2016 WL 1238172 (N.D. Ill. Mar. 30, 2016); *see also Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 235 (S.D. W. Va. 2015). The Court should order Plaintiff to produce a privilege log or else risk waiver of her privilege-based objections.

## II.    Deficiencies of Plaintiff's interrogatory answers

*Interrogatory 2*. This interrogatory requested identification of individuals that Plaintiff either knows or believes have knowledge relating to the facts and circumstances regarding the allegations, claims, and defenses in the Complaint and Counterclaims and requested a brief summary of the information possessed by each individual identified. (Ex. A at 6.) The information provided by Plaintiff is deficient. For example, Plaintiff failed to identify any treating physician related to her alleged disability, even though she identified such physicians (but not by name) in her initial disclosures dated April 22, 2021. For the individuals identified, Plaintiff failed to provide any semblance of a summary of the information possessed as requested.

*Interrogatory 3*. This interrogatory requested the basis for and calculation of all damages Plaintiff seeks in this case. (Ex. A at 6.) Plaintiff has an obligation to provide the information she possesses at present in response, but her answer failed to do this, notably with respect to back pay. (*See* Ex. B at 6–7.) Plaintiff has provided no back pay/wages and benefits calculations even though she is fully able to do so, as she knows what her wages and benefits were while employed with Defendant and what they have been since she was fired.

*Interrogatory 4*. This interrogatory requested information regarding Plaintiff's "non-written and non-recorded communications that you have had with anyone whom you associate with

7

Teupen, from March 1, 2017, through the present, that relate to or support the allegations in your Complaint." (Ex. A at 7.) Plaintiff's response, identifying two such communications, did not address the specific requests of the interrogatory for the date and time of the communication, the approximate length of the communication, Plaintiff's physical location during the communication, or the material facts stated in the communication. (Ex. B at 8.) Thus, Plaintiff's response to this interrogatory is plainly deficient; Rule 33 requires a response that addresses the actual inquiries of the interrogatory. None of Plaintiff's boilerplate objections addressed the specific request made by this interrogatory.

*Interrogatory 5.* This interrogatory sought the identities of "all individuals whom you believe were employed by Teupen while you were employed by Teupen whom (1) you told that you had anxiety, depression, or any other alleged disability or (2) knew you had anxiety, depression, or any other alleged disability while employed at Teupen." (Ex. A at 7.) Plaintiff objected to this request and refused to either identify a single individual or state that no individual falls within the scope of the interrogatory. (Ex. B at 9.) Plaintiff's response is therefore deficient; Rule 33 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made by this interrogatory. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 33.

*Interrogatory 7.* This interrogatory asked whether "you, or anyone acting on your behalf, obtained from any person or entity any report, statement, memorandum, or testimony concerning any of the matters alleged in Plaintiff's Complaint, or Defendant's Counterclaims, or in your answers to these Interrogatories." (Ex. A at 8.) Plaintiff objected to this request and refused to either identify a single individual or state that no individual falls within the scope of the interrogatory. (Ex. B at 11–12.) Plaintiff's response is therefore deficient; Rule 33 requires a response. None of

Plaintiff's boilerplate objections addressed the specific request made by this interrogatory. More-over, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 33.

*Interrogatory 9*. This interrogatory requested the identity of "each and every document responsive to Defendant Teupen's First Requests for Production of Documents, served contempo-raneously with these interrogatories, that have been destroyed, no longer exists, or which for some other reason you have not or will not produce." (Ex. A at 9.) Plaintiff objected to this request and refused to either identify a single document or state that no document falls within the scope of the interrogatory. Plaintiff's response is therefore deficient; Rule 33 requires a response. (Ex. B at 12–13.) None of Plaintiff's boilerplate objections addressed the specific request made by this inter-rogatory. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 33.

*Interrogatory 10*. This interrogatory requested information regarding Plaintiff's prior em-ployment over the last ten years. (Ex. A at 9–10.) Plaintiff's response—identifying only one pre-vious job—did not address the specific requests of the interrogatory for the employer's address, the date of hire, the date of separation, the beginning and ending wage rate or salary, the reason for the separation, or Plaintiff's supervisor's name. (Ex. B at 13–14.) Plaintiff's response also failed to include employer information of employers identified in response to Interrogatory 11. (*See id.* at 14–15.) Thus, Plaintiff's response to this interrogatory is plainly deficient; Rule 33 requires a response that addresses the actual inquiries of the interrogatory.

*Interrogatory 11*. This interrogatory requested information regarding Plaintiff's efforts, both successful and unsuccessful, to obtain new employment after separating from employment with Teupen. (Ex. A at 10.) Plaintiff's response did not address *any* of the specific requests of the

interrogatory regarding Plaintiff's unsuccessful efforts to obtain employment. Instead, it stated only that Plaintiff has applied to "multiple jobs (full-time and part-time) for various accounting Positions" on LinkedIn and "Careers." (Ex. B at 14–15.) For the employers identified, the information sought in the interrogatory has not been responded to, including the employers' addresses, how Plaintiff applied, etc. Thus, Plaintiff's response to this interrogatory is plainly deficient; Rule 33 requires a response that addresses the actual inquiries of the interrogatory. None of Plaintiff's boilerplate objections addressed the specific request made by this interrogatory.

Additionally, Plaintiff failed to identify in response to Interrogatories 10 or 11 any employment with "Complete Package Cleaning Services," despite identifying wages from that entity in response to Interrogatory 12. (*See id.* at 16.)

### III. Deficiencies of Plaintiff's responses to Defendant's requests for production of documents

*Failure to Comply with Rule 34(b)(2)(C).* Federal Rule of Civil Procedure 34(b)(2)(C) provides that an "objection must state whether any responsive materials are being withheld on the basis of that objection." Plaintiff has made numerous objections to Defendant's requests for production but has not stated anywhere whether any documents are being withheld subject to objection.

*Request 2.* This request sought medical records related to Plaintiff's alleged disability. (Ex. A at 20.) Plaintiff has refused to produce a single document responsive to this request. (Ex. B at 29.) While Plaintiff objects under her "right to privacy," as discussed above, Plaintiff has put her disability "at issue by initiating this action, she cannot now withdraw behind privacy concerns to avoid producing relevant material." *Quintana*, 2014 WL 3371847, at *3. Plaintiff's medical records related to her disability are unquestionably relevant to her claim that Defendant discriminated against her on the basis of such disability. *See Butler*, 920 F. Supp. at 92.

*Requests 3 and 4*. In response to these requests, Plaintiff stated that she "possesses documents that are responsive to this Request but include attorney-client communications. A supplement to this Request [sic] is forthcoming that will be accompanied by a privilege log." (Ex. B at 29–30.) To date, no privilege log or supplement has been provided.

*Request 5*. This request sought "communications between you and any former or current employee of Teupen regarding Teupen or the allegations in this lawsuit." (Ex. A at 21.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 31.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 6*. This request sought "documents reflecting any communications you had with Teupen related to your anxiety, depression, or other alleged disability." (Ex. A at 21.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 31.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 7*. This request sought "documents reflecting any communications you had with any healthcare provider who performed any examination related to your employment with Teupen in which anxiety, depression, or any other alleged disability that forms the basis of the Complaint, is referenced." (Ex. A at 21.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 31–32.)

Plaintiff's response is therefore deficient; Rule 34 requires a response. As discussed above, Plaintiff's objections based on a "right to privacy" lack merit. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 8.* This request sought "documents reflecting Teupen's knowledge of Plaintiff's alleged anxiety, depression, or other disability that forms the basis of the Complaint." (Ex. A at 21.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 32.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 9.* This request sought "documents reflecting health insurance plans Plaintiff claims were sponsored or administrated by Defendant of which Plaintiff was a participant or beneficiary, including but not limited to documents reflecting coverage periods." (Ex. A at 22.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 32–33.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 10.* This request sought "documents reflecting communications between Plaintiff and the insurer, plan administrator, Teupen, or others regarding Plaintiff's coverage under any health insurance plan Plaintiff alleges she was a participant or beneficiary of and which Teupen sponsored or administered, including whether Plaintiff was eligible for post-employment coverage." (Ex. A at 22.) Plaintiff has refused to produce a single document responsive to this request

or state that no document in her possession falls within its scope. (Ex. B at 33.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 11.* This request sought "documents regarding Plaintiff being offered, obtaining, or having health insurance after she separated from employment with Teupen." (Ex. A at 22.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 33–34.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. As discussed above, Plaintiff's objections based on a "right to privacy" lack merit. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 12.* This request sought "documents reflecting medical costs incurred by you since you separated from employment with Defendants." (Ex. A at 22.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 34.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 13.* This request sought "documents supporting Plaintiff's claim that the iPhone which is the subject of Defendant's Counterclaims was Plaintiff's property." (Ex. A at 22.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 34.) Plaintiff's response is therefore deficient; Rule

34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 14*. This request sought "communications, including records reflecting communications (including phone and text message records), between Plaintiff, including her legal counsel, and (a) Teupen (not including Teupen's legal counsel) or (b) any representative, employee, or partner of Parker Poe Adams & Bernstein LLP, regarding: (1) the iPhone, Laptop, and/or other property of Teupen in Plaintiff's possession, custody, or control; (2) Plaintiff's claims in this lawsuit; or (3) Defendant's Counterclaims." (Ex. A at 23.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 35.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 15*. This request sought "documents and communications reflecting attempts by Plaintiff, including her legal counsel, to return the Laptop to Teupen after her separation from employment through May 3, 2020." (Ex. A at 23.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 35–36.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 16*. This request sought "documents that relate in any way to Plaintiff's earnings from any source whatsoever, including but not limited to all business records, paycheck stubs,

federal and state income tax returns, W-2 tax forms, and any other documents establishing or relating to Plaintiff's earnings, whether or not such documents or earnings were received from Teupen or from other sources, including self-employment, for the period since Plaintiff's employment with Teupen began through the date of Plaintiff's response to this request, continuing to be supplemented through the date of trial." (Ex. A at 23.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 36.) Plaintiff's response is therefore deficient; Rule 34 requires a response. As discussed above, Plaintiff's objections based on a "right to privacy" lack merit. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 19*. This request sought "documents received in response to a subpoena or received from third parties related to this lawsuit." (Ex. A at 24.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 38.) Plaintiff's response is therefore deficient; Rule 34 requires a response. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 20*. This request sought "statements and affidavits obtained from any individual or entity that refer or relate to the allegations, claims, or defenses asserted in this case." (Ex. A at 24.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 38–39.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 21.* This request sought "photographs, videos, and audio recordings of Teupen's employees, premises, or property." (Ex. A at 24.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. Plaintiff's response is therefore deficient; Rule 34 requires a response. (Ex. B at 39.) None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

*Request 22.* This request sought "documents submitted to or received from, and all communications with, the U.S. Equal Employment Opportunity Commission, including but not limited to documents relating to your Charges of Discrimination against Teupen." (Ex. A at 25.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 40.) Plaintiff's response is therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34. This is particularly true where documents responsive to this request relate to closed EEOC investigations, such that Plaintiff already possesses responsive documents.

*Request 23.* This request sought "documents relating to your efforts to seek employment from March 24, 2017, through and including the present, including but not limited to any résumés, applications for employment, cover letters, reference letters, job inquiries, offers of employment, employment agreements, independent contractor and consulting agreements or arrangements, job advertisements or postings, rejection letters, and any other communications with any employer." (Ex. A at 25.) Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope. (Ex. B at 40.) Plaintiff's response is

therefore deficient; Rule 34 requires a response. None of Plaintiff's boilerplate objections addressed the specific request made here. Moreover, Plaintiff cannot simply reserve the right to supplement and ignore the timing obligations imposed by Rule 34.

## Conclusion

For the reasons discussed above, Defendant requests that this Court issue an order:

- Striking Plaintiff's objections identified above;

- Compelling Plaintiff to supplement her responses to Defendant's First Set of Interrogatories—specifically, Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16, 17, and 18—on the matters outlined above;

- Compelling Plaintiff to supplement her responses to Defendant's First Requests for Production of Documents to Plaintiff—specifically, Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24—on the matters outlined above;

- Compelling Plaintiff to supplement her document production to address the deficiencies described above;

- Compelling Plaintiff to produce a privilege log; and

- Awarding Defendant its reasonable expenses, including attorney's fees, incurred in making the instant motion, pursuant to Rule 37(a)(5)(A).

Filed August 5, 2021.　　　　　　　　Respectfully submitted,

/s/ David I. Klass
David I. Klass (NC Bar No. 53342)
Benjamin S. Morrell (NC Bar No. 56676)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: dklass@fisherphillips.com
Email: bmorrell@fisherphillips.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| MARJORIE ACEVEDO, | |
| Plaintiff, | Civil Action No. 3:20-CV-00518-FDW-DSC |
| v. | |
| TEUPEN NORTH AMERICA, INC., | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date listed below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notice to Plaintiff's counsel, L. Michelle Gessner, at michelle@mgessnerlaw.com.

Date: August 5, 2021.

Respectfully submitted,

/s/ David I. Klass
David I. Klass
Attorney for Defendant
**FISHER & PHILLIPS LLP**