UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MARJORIE ACEVEDO,<br><br>　　　　　Plaintiff,<br>v.<br><br>TEUPEN NORTH AMERICA, INC.,<br><br>　　　　　Defendant. | Civil Action No. 3:20-CV-00518-FDW-DSC |

**Reply in Support of Defendant's Motion to Compel**

Since Defendant moved to compel, Plaintiff supplemented her grossly deficient discovery responses that underlay the motion. But serious deficiencies remain with Plaintiff's responses that require Court intervention. Further, the magnitude of Plaintiff's post-motion supplements (including production of an additional 174 pages of responsive documents), the need to file a motion to compel to push Plaintiff to supplement the responses and even respond to Defendant's prior attempt to avoid filing a motion, and the deficiencies that remain outstanding all warrant an award of Defendant's costs and fees incurred related to this motion. *See* Fed. Civ. P. 37(a)(5)(A).

**I.　Defendant has met its meet-and-confer obligations—Plaintiff has not.**

Plaintiff argues that Defendant's July 12, 2021 letter did not satisfy its meet-and-confer obligations under Rule 37(a)(1). (D.E. 33 at 2–4; *see* D.E. 30-4.) Rule 37 focuses on "good faith," not on the number of communications sent back and forth. *See* Fed. R. Civ. P. 37(a)(1). The critical question is whether the movant's pre-filing efforts provided "a meaningful opportunity to

resolve the[ ] dispute without court intervention." *Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2015 WL 1964400, at *4 (E.D.N.C. May 1, 2015).

Defendant's letter did so. First, it provided a detailed assessment of each discovery response Defendant found inadequate, explained the reasons therefor, and requested specific remedial action. This evidences Defendant's good-faith attempt to meet and confer. The letter provided Plaintiff with all the information she needed to fix the problems. *Cf. Velasquez-Monterrosa*, 2015 WL 1964400, at *4 (faulting the moving party for "provid[ing] little insight into [his] position regarding defendants' responses to the other discovery requests, beyond challenging the purportedly blanket nature of the objections asserted" and failing to "identify the specific discovery requests other than Interrogatory No. 3 as to which he would seek relief from the court"). The letter also contemplated further communication here, ending with "[p]lease contact me if you have any questions." (D.E. 30-4 at 10.)

Second, Plaintiff entirely failed to respond to the letter or to engage in any pre-motion conference to correct her discovery deficiencies. Defendant's letter was not the only attempt to confer with Plaintiff prior to filing its motion. On August 3, 2021, Defendant, following the Court's Pretrial Order and Case Management Plan, requested a telephone conference with the Court to resolve the dispute. (D.E. 32-8.) The Court determined the dispute was "not amenable to a discovery telephone conference," and allowed Defendant to file its motion. (*Id.*) Despite this second attempt to resolve the matter, Plaintiff still failed to respond to Defendant's letter, request a conference to discuss questions about the letter, or supplement her discovery responses. For Plaintiff to now claim that Defendant failed to meet its meet-and-confer obligations, while Plaintiff failed to engage in Defendant's attempts whatsoever, is not credible.

Further, Plaintiff's supplemental discovery responses and productions—served after Defendant filed its motion to compel—shows the effectiveness of the meet-and-confer letter. Every single deficiency addressed in Defendant's initial memorandum was also addressed in the same manner therein. (*Compare* D.E. 30-4 at 2–10 *with* D.E. 30-1 at 4–17.) As discussed below, Plaintiff's supplemental responses and productions moot many of the issues raised in Defendant's initial memorandum—remedying the issues discussed in the letter at the same time, given the similarities between the two. This shows the letter gave Plaintiff adequate notice of the dispute and a meaningful opportunity to correct the deficiencies without Court intervention. Had Plaintiff served her supplemental responses and productions before Defendant moved to compel their disclosure, the issues raised by the motion would have been narrower at the outset, resulting in less time and resources spent on this discovery dispute. Defendant should not be penalized because Plaintiff chose not to respond <u>at all</u> until after Defendant sought Court intervention.

Defendant sent Plaintiff a second meet-and-confer letter after she provided supplemental discovery. (**Exhibit A**.) Rather than correct remaining deficiencies or provide a formal response, counsel responded via email, stating they "have produced all documents and information that our client has provided to us, with the exception of her tax returns." (**Exhibit B** at 2.) This careful wording strengthens Defendant's good-faith belief that Plaintiff's counsel is still withholding documents. As one example, RFP 14 requests documents in *counsel*'s possession that Defendant knows exist: communications between counsel and the law firm of Parker Poe Adams & Bernstein LLP. Shalanna Pirtle provided three such documents along with her declaration earlier in this litigation. (*See* D.E. 16-3 at 5–12.) Plaintiff has not produced any.

3

## II. Plaintiff's supplements do not moot Defendant's motion.

Considering Plaintiff's supplemental responses, Defendant withdraws the portions of its motion specific to Interrogatories 2, 3, 7, 9, 10, and 11, and RFPs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 19, 20, 21, and 23. But many issues remain.

Plaintiff continues to advance baseless objections in her supplemental responses:

- "Right to privacy."[1] (D.E. 33-1 at 4, 18, 19, 22, 25, 28, 29.)
- "Equally available" information.[2] (*Id.* at 20–30.)
- "Designation of fact witnesses" and exhibits.[3] (*Id.* at 5, 8–9, 11, 18–19, 39.)

The Court should strike these objections for the reasons discussed in Defendant's initial memorandum. (*See* D.E. 30-1 at 4–6.)

*Objections based on "other avenues of discovery."* Plaintiff lodges this new objection to Interrogatories 2, 4, 5, and 11, claiming the information sought is "more easily obtained through other avenues of discovery, mainly that of Plaintiff's deposition." (D.E. 33-1 at 4, 9, 14.) But "any parallel discovery responses do not excuse [parties] from providing responses in compliance with the Federal Rules here." *Gibson v. Resort at Paradise Lakes, LLC*, No. 8:16-CV-791-T-36AAS, 2017 WL 735457, at *6 (M.D. Fla. Feb. 24, 2017). These objections should be stricken.

*Interrogatory 4.* Plaintiff's supplemental response does not even attempt to provide the specific information requested here. (*See* D.E. 33-1 at 9.) For the reasons discussed in Defendant's initial memorandum, Plaintiff should be ordered to fully respond. (*See* D.E. 30-1 at 7–8.)

*Interrogatory 5.* Plaintiff still refuses to provide any information responsive to this request. (D.E. 33-1 at 9.) Plaintiff should be ordered to fully respond. (*See* D.E. 30-1 at 8.)

---

[1] RFPs 2, 7, 11, 19, 20, and 21.
[2] RFPs 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 21, 22, and 23.
[3] RFPs 20 and 21.

*Interrogatories 10 and 11*. Plaintiff has still failed to identify any employment with "Complete Package Cleaning Services," despite identifying wages from that entity in her original response to Interrogatory 12 and producing related tax records in her latest document production. (*See* D.E. 30-3 at 16.) Therefore, the responses to these interrogatories are incomplete.

*Failure to Comply with Rule 34(b)(2)(C)*. Plaintiff's supplemental responses to RFPs 12, 14, 15, and 22 now reference documents, but also include objections and therefore still fall within the scope of this rule. (D.E. 33-1 at 25, 26–27, 30–31; D.E. 33-2 at 4–5.) They still fail to state whether any documents are withheld based on these objections.

*RFPs 12, 14, 15, and 22*. Plaintiff still refuses to produce any documents responsive to these requests or state none in her possession fall within their scopes.[4] (*See* D.E. 33-1 at 25, 27–28, 29–30.) Notably, Plaintiff does not even respond to Defendant's arguments regarding RFP 12. (*See* D.E. 33 at 9.) Plaintiff should be ordered to fully respond. (*See* D.E. 30-1 at 13, 14, 16.)

*RFP 16*. None of the documents produced (W-2 and other tax forms) show any income for 2021, and Plaintiff only produced documents showing her income from Teupen for 2020, not every year of her employment as requested. *Orrell v. Motorcarparts of Am., Inc.*, No. CIV. 3:06-CV-418-R, 2007 WL 4287750, at *8 (W.D.N.C. Dec. 5, 2007) ("Plaintiff's post-termination income . . . is relevant and material to Plaintiff's duty to mitigate her lost wages."). Plaintiff's production is thus incomplete.

*Privilege log*. Finally, Plaintiff has still not produced a privilege log. By serving supplemental responses and productions, Plaintiff has forgone yet another opportunity to correct this deficiency. Thus, waiver of the privileges claimed is a more appropriate remedy now than before. (*See* D.E. 30-1 at 6–7.)

---

[4] The responses to RFPs 14, 15, and 22 reference documents produced by Teupen, but none by Plaintiff. (D.E. 33-1 at 26–27, 29–30.)

## III. Fees

Because Defendant "attempt[ed] in good faith to obtain the disclosure or discovery without court action," the Court should award Defendant its fees and costs in bringing this motion, including this reply. Fed. R. Civ. P. 37(a)(5)(A)(i). Moreover, a fee award is appropriate "if the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A). This is regardless of whether the motion is granted as to any remaining issues. *See id.* Thus, at the very least, a fee award is appropriate regarding those issues now mooted by the late supplements and productions.

## IV. Conclusion

Subject to the modifications discussed above, Defendant's motion to compel should be granted.

Filed August 26, 2021.

Respectfully submitted,

/s/ David I. Klass
David I. Klass (NC Bar No. 53342)
Benjamin S. Morrell (NC Bar No. 56676)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: dklass@fisherphillips.com
Email: bmorrell@fisherphillips.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MARJORIE ACEVEDO,<br><br>    Plaintiff,<br>v.<br><br>TEUPEN NORTH AMERICA, INC.,<br><br>    Defendant. | Civil Action No. 3:20-CV-00518-FDW-DSC |

**CERTIFICATE OF SERVICE AND COMPLIANCE**

  I hereby certify that on the date listed below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notice to Plaintiff's counsel, L. Michelle Gessner, at michelle@mgessnerlaw.com.

  I further certify that the foregoing brief complies with the applicable word limitation. Exclusive of the case caption and certificates of counsel, and inclusive of headings, footnotes, quotations, and citations, it contains 1,491 words.

  Date: August 26, 2021.

                   Respectfully submitted,

                   /s/ David I. Klass
                   David I. Klass
                   Attorney for Defendant
                   **FISHER & PHILLIPS LLP**