MARJORIE ACEVEDO,

      Plaintiff,

v.

TEUPEN NORTH AMERICA, INC.

      Defendant.

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

## I. BOTTOM LINE UPFRONT

Defendant Teupen North America, Inc. ("Defendant") has proffered two reasons for why the Court should deny Plaintiff Marjorie Acevedo's ("Ms. Acevedo") Motion for Protective Order. These two reasons both relate to pieces of evidence Defendant deems "critical" to its counterclaim. However, the counterclaims do not in any way require proof or evidence of the sort Defendant seeks.[1] Therefore, a protective order is necessary. Indeed, the clear purpose of Defendant's request for counsel's phone records is to attempt to mount a gratuitous ad hominem attack on Ms. Acevedo's attorney, Michelle Gessner, and fabricate a sideshow.[2] The court should grant Plaintiff's Motion for Protective Order.

---

[1] Plaintiff's motion for a protective order concerns the similar subject matter as Defendant's motion for sanctions. (ECF No. 44.) Plaintiff hereby incorporates the arguments contained in her Response in Opposition to Defendant's motion for sanctions and addresses specific arguments raised by Defendant in its Response herein below. (ECF No. 49); *see also* W.D.N.C. Local Civ. R. 7.1(c)(3).

[2] It appears that Ms. Gessner's/GessnerLaw's former representation of two other employees against Teupen seems to be the ongoing reason behind such an unprofessional and unwarranted

A. **Good Cause Exists for the Court to Grant a Protective Order**

1. **The information sought was not subject to the Court's Order Compelling Discovery, was not identified until *after* the Court's Order, and Defendant has not filed a second motion compel.**

Ms. Acevedo filed her Motion for Protective Order out of an abundance of caution because Defendant's October 22, 2021 meet and confer letter was the first time Defendant specifically alleged that Ms. Acevedo's responses were deficient because she did not provide Ms. Gessner's telephone records or other privileged communications (despite fourteen different meet and confer letters exchanged between parties). Defendant also did not move to compel this specific information. Defendant's motion to compel generally stated that "Plaintiff has refused to produce a single document responsive to this request or state that no document in her possession falls within its scope." [ECF No. 30-1 at p. 14]. Ms. Acevedo supplemented her discovery responses on October 12, 2021 and stated in response to Requests No. 14 and 15 that "Plaintiff is not withholding any documents responsive to this request." Thus, Ms. Acevedo complied with the Court's Order compelling her further response and responded in the fashion Defendant requested.

Defendant did not file a second motion to compel production of GessnerLaw's telephone records or any other privileged communications. A second motion to compel would be required because such information was not requested under Defendant's first motion or any meet and confer prior to October 12, 2021. *See generally* F.R.C.P. 34(a)(1) (motion to compel "must

---

ad hominem attack against Ms. Gessner in this case. Mr. Borutta, unsolicited, referenced GessnerLaw's former representation in other lawsuits of other clients against Teupen several times during his deposition (Mr. Kesser - *Kesser v. Teupen et al* - 3:19-cv-353 WDNC and Mr. Trainer). See Exhibit B, Borruta deposition at 106:5-7; 9-11; 123:11-16; 125:4-6; and 173:18-19.

include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). However, even if Defendant had filed a second motion to compel, it would be improper because Ms. Gessner/GessnerLaw, PLLC are not parties to this litigation and any attempted discovery directed *at* Ms. Gessner would be highly inappropriate and not in compliance with the Federal Rules of Civil Procedure.

### 2. Ms. Acevedo is not in possession of Ms. Gessner's/GessnerLaw's phone records.

Rule 34 provides that, "[a[ party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items *in the responding party's possession, custody, or control*: (A) any designated documents or electronically stored information . . ." (emphasis added). The telephone records of GessnerLaw are not within Ms. Acevedo's possession, custody or control.

Defendant cannot obtain Ms. Gessner's records through discovery directed at Ms. Acevedo simply by adding the phrase "including her legal counsel" to the request because the overall scope of discovery under Rule 34 still applies. GessnerLaw's telephone records are not within Ms. Acevedo's control and therefore, she cannot produce them.

### 3. Ms. Gessner did not in any way concede her phone records were discoverable.

Defendant points out that Ms. Gessner made sworn declaration to the Court that a record of the phone call between Ms. Gessner and Shalanna Pirtle at Parker Poe existed (ECF No. 47 at 1). However, what Ms. Gessner attested was: "If the Court deems it necessary for me to acquire and comb through old phone records, on multiple shared phone lines, for every phone number I

3

have used, however, I would be happy to do so at Defendant's expense." [ECF No. 18-2 at ¶ 9]

The Court has not ordered Ms. Gessner to do so, and Defendant did not direct any discovery at

Ms. Gessner to produce those records because, again, any attempt at such discovery would be

highly improper as Ms. Acevedo has never had, nor would she ever have, Ms. Gessner's or

GessnerLaw's phone records in her possession.

**B. Neither Piece of Evidence Defendant Seeks is Material or Probative, or "Critical" to its Alleged Counterclaims.**

Defendant alleges that Ms. Acevedo's Motion for Protective Order should be denied

because the evidence sought to be protected is "critical" to its counterclaims. However,

Defendant's computer trespass counterclaim alleges Ms. Acevedo violated N.C. Gen. Stat. Ann.

§ 14-456 when she did not return the laptop from the date she was terminated until May 9, 2020.

The whereabouts of the laptop during that time period have absolutely no bearing on proving or

defending whether § 14-456 was violated. Ms. Gessner's call to Ms. Pirtle in January has no

bearing on the whereabouts of the laptop.

Defendant next alleges that communications about "*why* the laptop was provided to

counsel and not returned directly to Defendant" is critical evidence that will support its

counterclaim and that it somehow requires access to privileged communications. (ECF No. 47 at

p. 2) (emphasis added) This attempted justification is a red herring. Defendant is already in

possession of information about *why* the laptop was provided to counsel, including but not

limited to:

- "On the last day I was in the office at Teupen, December 30, 2019, I was unable

  to return my laptop because it was at home. I was then formally terminated via

  email. I did not feel comfortable returning to the office after I was terminated to

  drop off the laptop. I was never given any instructions, packing materials, a

FedEx or UPS slip, etc., to return the laptop via mail. . . . The laptop was placed

in my attorney's possession on January 22, 2020." (ECF No. 11-2 at ¶¶ 12-16)

- Ms. Acevedo testified "Why didn't you return it [the laptop] personally to

  Teupen?" she responded, " They dismissed me. I was under disability; anxiety

  and depression. When I -- when I decided to go -- to call an attorney, she said she

  will handle my case, so it went to her hands. And I felt -- I rest assured that she

  was going to handle it, so it was out of my hands." Ex. A Ms. Acevedo deposition

  at 252:9-253:2. Ms. Acevedo also testified that during that time, she was unable to

  drive herself and her husband drove her to Ms. Gessner's office to surrender her

  laptop. *Id.* at 253:3-20.

Defendant is fully aware that Ms. Acevedo's disability and her related emotional distress surrounding her termination prevented her from personally initiating the return of the laptop. Defendant did not provide any return mailing instructions or postage despite being asked several times. [ECF No. 11-3 at p. 11-20] Defendant is also well aware that it was around this time that the world shut down because of COVID-19 and counsel initially thanked Ms. Gessner for maintaining the computer at her office and hand-delivering to Mr. Alexander's home during COVID-19 lockdown. [ECF No. 11-3 at p. 22-24] Thus, Defendant is already in possession of the *why* Ms. Acevedo surrendered her laptop to counsel, and is not entitled to privileged communications.

### C. A Privilege Log is Not Required

Ms. Acevedo has asserted that any communications between her and her counsel regarding return of the laptop are privileged. Defendant incorrectly asserts that these communications are subject to a privilege log. They are not. Any such communications occurred

*after* Ms. Acevedo filed her EEOC Charge on January 16, 2020. In its Response, Defendant entirely ignores the fact that litigation commenced as of that date and has made no attempt to argue otherwise; most likely because Defendant already conceded the point before the Court. (ECF No. 37 at p. 9); *see McAllister v. Adecco Group N.A.*, 2018 U.S. Dist. LEXIS 242352, *6 (D. Haw. Sep. 12, 2018) (no privilege log required after litigation commenced with EEOC Charge).

## III.  CONCLUSION

Plaintiff Marjorie Acevedo respectfully requests this Court grant her Motion for Protective Order.

This the 26th day of November 2021.

<div style="text-align: right;">

*/s/ L. Michelle Gessner*
L. Michelle Gessner, N.C. Bar No. 26590
Nicole K. Haynes, N.C. Bar No. 47793
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
T: (704) 234-7442; F: (980) 206-0286
Email: michelle@mgessnerlaw.com
Email:  nicole@mgessnerlaw.com

*Attorneys for Plaintiff*

</div>

<center>**CERTIFICATE OF LENGTH**</center>

I certify that this brief was prepared using Microsoft Word, which reports that it contains a total of 1495 words inclusive of all heading, captions, footnotes, citations signature lines, and this certificate of length.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 26, 2021

<div style="margin-left: 40%;">

*/s/ L. Michelle Gessner*
L. Michelle Gessner, N.C. Bar No. 26590
Nicole K. Haynes, N.C. Bar No. 47793
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
T: (704) 234-7442; F: (980) 206-0286
Email: michelle@mgessnerlaw.com
Email: nicole@mgessnerlaw.com

*Attorneys for Plaintiff*

</div>

<center>7</center>