UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-cv-518

MARJORIE ACEVEDO,

    Plaintiff,

v.

TEUPEN NORTH AMERICA, INC.

    Defendant.

### PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Marjorie Acevedo ("Plaintiff") hereby provides her third supplemental responses to Defendant Teupen North America, Inc.'s First Set of Interrogatories for the purpose of this action only as follows:

### PRELIMINARY STATEMENT

It should be noted that this Plaintiff has not fully completed her investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based upon such information as is presently available to and specifically known to this Plaintiff and disclose only those contentions which occur to such Plaintiff. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, and add meaning to the known facts, as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of the legal contentions as is presently known but should in no way be

to the prejudice of Plaintiff in relation to further discovery, research and analysis. The following responses are given without prejudice to the Plaintiff's right to produce evidence of any subsequently discovered fact or facts which this Plaintiff may later recall. Plaintiff accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. Plaintiff thus reserves the right to make any use of, or to introduce at any trial, information responsive to these discovery requests but discovered and/or produced to Plaintiff subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein. Moreover, because the facts and evidence now known may be improperly understood, or the relevance or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following responses. Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein. To the extent that a response has not been objected to, Plaintiff has used reasonable diligence to obtain information responsive to the Interrogatory responded to herein, based on examination of those files that may reasonably be expected to yield such information and interviews with those individuals reasonably expected to have such information. All relevant and unprivileged information so obtained is contained in these responses. To the extent that the propounding party seeks to require Plaintiff to do more than the foregoing, the interrogatories are objected to on the grounds that they seek information which is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, and would subject Plaintiff to oppression, harassment, and undue burden and expense not commensurate with any legitimate discovery need.

## GENERAL OBJECTIONS

1. Plaintiff reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of its responses herein and any document or thing identified or provided in response to the Interrogatory.

2. Plaintiff reserves the right to object on any ground at any time to such other or supplemental interrogatories as propounding parties may at any time propound involving or

relating to the subject matter of the Interrogatories herein.

3. To the extent a response to one Interrogatory duplicates the response to any other Interrogatories, Plaintiff will refer to said response in an effort to avoid unnecessary costs and expenses associated with providing duplicate answers. To require otherwise would be unduly burdensome on Plaintiff.

4. To the extent that any Interrogatory seeks information that is subject to the attorney-client or attorney work product privileges, Plaintiff objects to each such Interrogatory.

5. To the extent that any Interrogatory seeks information, the disclosure of which would violate the state and federal privacy rights of Plaintiff and/or third parties (e.g. disclosure of income tax returns), Plaintiff objects on said grounds.

6. Discovery is ongoing and Plaintiff reserves the right to supplement her responses prior to trial.

Subject to the foregoing general objections, Plaintiff says the following:

## PLAINTIFF'S SUPPLEMENTAL RESPONSES

4. Identify all non-written and non-recorded communications that you have had with anyone whom you associate with Teupen, from March 1, 2017, through the present, that relate to or support the allegations in your Complaint, Defendant's defenses to the Complaint, Defendant's counterclaims, or your defenses to Defendant's counterclaims. For each communication, identify:

   (a) All participants in the communication;

   (b) The date and time of the communication;

   (c) The medium of communication (phone, in person, etc.);

   (d) The approximate length of the communication;

   (e) Your physical location during the communication; and

   (f) The material facts stated in the communication.

**Answer:** Plaintiff incorporates and reasserts her previous objections and responses. Subject to and without waiving her previously asserted objections, Plaintiff provides the following supplemental response:

*Communication with James Crawford.* After Plaintiff's termination, Plaintiff and James Crawford spoke on the phone for approximately 10 minutes or less. Crawford informed her that her work information technology accounts were being turned off. Crawford also referenced that he was "aware of what was happening."

*Communications with Patrick Blackburn.* Plaintiff and Patrick Blackburn frequently discussed work in-person, most frequently in Plaintiff's office. Plaintiff does not recall the date or time of each conversation. Each conversation lasted approximately 15 minutes or less. Plaintiff spoke with Blackburn about issues in the office. Blackburn similarly expressed the difficulties he had with Andy Liebl and Geraldine Molyn. During these conversations, Blackburn and Plaintiff also discussed turnover of employees, work stressors, and the difficulties with Liebl and Molyn's transitions.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement this response prior to trial.

5. Identify all individuals whom you believe were employed by Teupen while you were employed by Teupen whom (1) you told that you had anxiety, depression, or any other alleged disability or (2) knew you had anxiety, depression, or any other alleged disability while employed at Teupen. For each person identified, state the factual basis for your belief that they had knowledge that you claim to have anxiety and/or depression or other alleged disability, as well as

the date, manner, circumstances, and substance of all communications you had with the individual(s) regarding this subject matter.

**Answer:** Plaintiff incorporates and reasserts her previous objections and responses. Subject to and without waiving her previously asserted objections, Plaintiff provides the following supplemental response: See ACEVEDO 000026 and 000047. Plaintiff was visibly distraught and emotionally distressed at work as a result of her disability. Her demeanor and emotional state was observed by her colleagues including but not limited to Geraldine Molyn, Andy Liebman, and James Crawford. Based on these interactions and Plaintiff's doctor's note, Defendant knew or should have known of her disability and/or regarded her as having a disability.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement this response prior to trial.

10. Identify each employer for which you worked (1) during the ten (10) years prior to your employment with Teupen and (2) subsequent to your employment with Teupen, and for each employer state:

    (a) The employer's address;

    (b) Date of hire;

    (c) Date of separation;

    (d) Beginning and ending wage rate or salary;

    (e) The reason for your separation; and

    (f) Your supervisor's name.

5

Case 3:20-cv-00518-FDW-DSC   Document 57-6   Filed 12/02/21   Page 5 of 8

**Answer:** Plaintiff incorporates and reasserts her previous objections and responses. Subject to and without waiving her previously asserted objections, Plaintiff provides the following supplemental response:

    F. Complete Package Cleaning Services

        a. P.O. Box 471693, Charlotte, NC 28247;

        b. Employed from September 2018 to present;

        c. Approximately $500.00 per month;

        d. Reason for separation: N/A;

        e. Luis Acevedo, Plaintiff's husband, and Plaintiff own the business.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement this response prior to trial.

11. Identify all steps you have taken to obtain new employment after you separated from employment with Teupen until present, including but not limited to identifying:

    (a) The names and addresses of the employers to which you have applied for employment;

    (b) The name of any person at each job to which you applied with whom you spoke;

    (c) The title of the position(s) to which you applied;

    (d) The medium through you applied for the position (in person, LinkedIn, Indeed.com, etc.);

    (e) The results of your attempt(s) to find employment; and

    (f) All other steps you have taken to obtain employment.

**Answer:** Plaintiff incorporates and reasserts her previous objections and responses. Subject to and without waiving her previously asserted objections, Plaintiff provides the following supplemental response: See Plaintiff's supplemental response to Interrogatory 10.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement this response prior to trial.

This the 11th day of October 2021.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB# 26590
Nicole K. Haynes, NCSB# 47793
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442; Fax (980) 206-0286
Email: michelle@mgessnerlaw.com
　　　　nicole@mgessnerlaw.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a true and correct copy of the foregoing **PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** was served on all parties to this action by email, pursuant to the agreement of the parties, addressed as follows:

David I. Klass
Benjamin S. Morell
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Telephone: 704-334-4536
Fax: 704-334-9774
Email: dklass@fisherphillips.com
Email: bmorrell@fisherphillips.com

*Attorneys for Defendant*


DATED this 12th day of October 2021.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB# 26590
Nicole K. Haynes, NCSB# 47793
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com
Email: nicole@mgessnerlaw.com

*Attorneys for Plaintiff*